

# In the Court of Criminal Appeals of Texas

No. WR-93,662-01

EX PARTE TERRY LEE YEARLING,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W20-60819-V(A) in the 292nd District Court
Dallas County

YEARY, J., filed a dissenting opinion, in which KELLER, P.J., joined.

Today the Court concludes that Applicant's guilty plea was entered involuntarily, and it grants him a new trial. I disagree with that disposition and think that we should remand the cause for additional fact development relating to Applicant's claim that his guilty-plea counsel rendered ineffective assistance in counseling him to accept the

plea though a basis existed to suppress crucial state's evidence in the case. But because I would not grant Applicant a new trial at this point, without a complete record on Applicant's ineffective assistance of counsel claim, I respectfully dissent.

## BACKGROUND

Called to a motel at which gunshots had been reported in a hallway, police officers found shell casings in front of Applicant's motel room door and knocked. Applicant opened the door, but he immediately closed it again. Officers heard what sounded like a "handgun chambering a round" inside and began to issue verbal commands through the door. When Applicant again opened the door, the police immediately rushed in and subdued him. Conducting a protective sweep, the officers found a gun holster, but no gun. Applicant eventually told them the gun was under the mattress.

He was arrested and pled guilty within a few weeks, in a plea bargain in which he obtained a three-year penitentiary sentence on a charge of possession of a firearm by a felon, enhanced to a second-degree felony. As part of the guilty plea, the State agreed to drop a misdemeanor charge against him for firing the gun off in the hallway. In addition, his court-appointed trial attorney hoped to persuade federal prosecutors not to seek federal gun-possession charges since he would already be serving state penitentiary time.

Not long after Applicant's guilty plea, the State revealed to the defense for the first time that police body cam recordings existed which showed facts about which Applicant's counsel had been unaware when advising Applicant whether to accept the State's plea offer. The body

cam recordings revealed that, after Applicant was subdued and handcuffed, he at first refused to reveal the whereabouts of the gun. Officers then took him out into the hallway, and the door to the motel room closed and automatically locked, so that officers could not gain re-admission. While out in the hallway, Applicant finally told police that the gun was under the mattress. They obtained a room key from the motel clerk and re-entered the room to retrieve the gun—without first obtaining a search warrant.

Habeas counsel was appointed, and Applicant now makes three claims in his Article 11.07 post-conviction application for writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.07. He claims that the State's failure to disclose the body cam video prior to his guilty plea violated *Brady v. Maryland*, 373 U.S. 83 (1963). Relatedly, he claims that the deprivation of this information prior to his guilty plea rendered the plea involuntary. And finally, he claims that, in any event, his trial counsel performed in an unconstitutionally ineffective manner when he recommended that Applicant accept the State's plea bargain before he had adequately investigated the facts of the case.

With respect to the ineffective assistance of counsel claim, the record shows that defense counsel was provided in pre-trial discovery with an offense report that failed to mention the fact that the officers had been required to re-enter the locked motel room to retrieve the gun, and that they did so without a search warrant. The offense report also contained a notation, however, that "BWC AVAILABLE" from seven named police officers who responded to the scene at the motel. (We are given to believe that "BWC" is shorthand for "body-worn camera.") In a

supplemental affidavit ordered by the convicting court, defense counsel contends that he missed this notation in reviewing the offense report, having focused his attention on "the narrative" portion of the report. He also contends that, had he been aware of the existence and content of the body cam video prior to the plea, he would not have recommended that Applicant accept the State's plea offer. For his part, Applicant has submitted an inmate declaration in which he avers that trial counsel never talked to him about the facts of the case, only about the plea offer, and that "[h]ad [he] known the search was illegal, [he] would have fought the case because [he] did not want to go to prison."

The Conviction Integrity Unit of the Dallas County District Attorney's Office has conceded that Applicant is entitled to relief on his first two claims, while withholding judgment with respect to his claim of ineffective assistance of counsel. The convicting court has, accordingly, entered recommended findings of fact and conclusions of law in which it urges this Court to grant relief on Applicant's *Brady* claim and his claim that his plea was involuntary. The convicting court has made no recommendation, however, regarding Applicant's ineffective assistance claim. Today, the Court grants relief exclusively on Applicant's claim that his plea was rendered involuntary by the State's tardy disclosure of the body cam video. Because I believe that granting relief on that basis is inappropriate, I respectfully dissent. I will discuss Applicant's first two claims together, and then separately address his ineffective assistance of counsel claim.

## *BRADY* / INVOLUNTARY PLEA

This Court has yet to definitively say, in a published opinion,

whether or not *Brady* applies to a guilty-plea scenario. *See Ex parte Palmberg*, 491 S.W.3d 804, 814 n.18 (Tex. Crim. App. 2016) ("It is unclear whether or not *Brady v. Maryland* goes so far as to render guilty pleas involuntary if the prosecution does not disclose exculpatory information at the time of the plea[.]"). But even if we had, *Brady* would not apply to render Applicant's guilty plea involuntary based on a missed opportunity to exclude inculpatory evidence via a motion to suppress on Fourth Amendment grounds. The State has not withheld exculpatory evidence; there is no suggestion that Applicant did not actually commit the offense to which he pled guilty. I therefore dissent to granting relief, particularly in an abbreviated per curiam opinion, on the basis of Applicant's claim that his plea was rendered involuntary.

The United States Supreme Court has made it clear that not every failure on the State's part to impart relevant information to an accused ahead of a guilty plea proceeding will render his choice to accept a guilty plea involuntary for due process purposes. In *United States v. Ruiz*, 536 U.S. 622 (2002), it held that the failure to disclose evidence that would have served to impeach a state's witness, had the case gone to trial, did not render the guilty plea so uninformed as to affect the voluntariness of the plea. "To the contrary, this Court has found that the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with is accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *Id*. at 630; *see also Palmberg*, 491 S.W.3d at 807("[S]ufficient awareness does

not require complete knowledge of the prosecution's case.").

Among the examples the Supreme Court gave of circumstances about which a defendant who pleads guilty need not be aware is that the admissibility of his out-of-court confession could have been challenged in court. *Ruiz*, 536 U.S. at 630 (citing *McMann v. Richardson*, 397 U.S. 759, 770 (1970)). Here, while Applicant may have been unaware of the existence of the body cam video when he entered his guilty plea, he was present when the police officers re-entered his motel room without a warrant, and so he was aware of the circumstance that might have rendered admission of the gun at a subsequent trial challengeable. That Applicant's lawyer may not have discovered enough about the case to recognize the Fourth Amendment significance of that circumstance before advising him to plead guilty seems to me to be a matter of the potential ineffectiveness of his counsel, not the voluntariness of his plea. To me, this case sounds an awful lot like *Richardson*.

What is more, *Ruiz* also held that due process does not even require the Government to disclose evidence of which it is aware at the time of a guilty plea that would establish that the accused may have an affirmative defense to prosecution or that a witness may be impeached. 536 U.S. at 633. That being so, it is hard to imagine how an accused's ignorance of a potential Fourth Amendment basis to challenge the admissibility of evidence in court could prove fatal to the voluntariness of his guilty plea. The Court does not explain why it should in its per curiam opinion today.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Applicant's ineffective assistance of counsel claim, however,

presents another matter. Perhaps his trial counsel should have known enough from the "BWC AVAILABLE" reference in the offense report to pursue that evidence before ultimately advising Applicant to accept the State's plea offer. It is possible that, had he discovered the body cam evidence, he might have filed a motion to suppress the State's most critical evidence in the case, rather than to advise his client to accept what seems otherwise to have been a favorable plea deal. It seems possible, as well, that such a motion to suppress might have succeeded in excluding the gun from evidence. There is little evidence to cause us to doubt either trial counsel's assertion that he would have advised such a course, or Applicant's assertion that he would have "fought" the case rather than to plead, had he been informed of the existence, and legal significance, of the body cam video.

But we lack a recommendation from the convicting court with respect to this claim. Nor has Applicant's trial counsel responded at this juncture to Applicant's claim that he never talked to Applicant about the facts of the case, by which he might have learned, even without the benefit of the body cam video, that the police had obtained the gun under circumstances that would have made its admission into evidence at a full-blown trial more than a little dicey. Rather than grant relief with a record in this condition, I would remand the cause for further fact development, and formal recommended findings and conclusions from the convicting court, germane to Applicant's ineffective assistance of counsel claim. Because the Court does not, I dissent on that basis too.

## CONCLUSION

Rather than to grant Applicant relief on his claim that his guilty

plea was involuntary, I would remand the cause for further fact development of his ineffective assistance of guilty-plea counsel, and for recommended findings of fact and conclusions of law with respect to that issue from the convicting court. I respectfully dissent.

**FILED:**　　　　　　　　May 25, 2022
**PUBLISH**